ROY NOBLE LEE, Chief Justice,
for the Court:
James A. Moore filed suit in the Circuit Court of Lincoln County, Mississippi, against Henry Gene Simmons, Inc., and Henry Gene Simmons, Jr., a/k/a Bub Simmons and Tim Simmons, seeking damages and attorney’s fees, charging that the defendants fraudulently misrepresented to the plaintiff that a certain 1980 Chevrolet pickup truck purchased from them by the plaintiff had a total mileage of 34,887 on the odometer when in fact it had in excess of 130,000 miles. At the conclusion of evidence for the plaintiff Moore, the lower court directed a verdict in favor of the defendants. Moore has appealed and assigns the following error in the trial below:
THE LOWER COURT ERRED IN GRANTING APPELLEE’S MOTION FOR DIRECTED VERDICT.

Facts

On February 22, 1985, appellant purchased a 1980 Chevrolet pickup truck from H. Gene Simmons, Inc., a used car dealership, for $3,000. He received an odometer disclosure statement indicating that the truck had been driven 34,887 miles. After the purchase, appellant began to experience mechanical problems with the truck and he contacted the original owner who informed him that the truck’s odometer had “rolled over” and it had been driven 100,000 miles more than the odometer showed. Ross Downing Chevrolet, Inc., a former owner, furnished him a disclosure form on the vehicle reflecting the mileage at the time it was sold to Rick Kitchens, from whom appellees acquired the vehicle, *187 together with a bill of sale. Witnesses called by the appellant at trial were James A. Moore (appellant), Gene Simmons, Sr., Mary Ann Moore, and Gene Simmons, Jr. The lower court granted a directed verdict at the conclusion of the appellant’s evidence on the ground that he had not shown that there was any intent to defraud appellant on the part of the appellees.

The Statutory Basis for the Action

15 U.S.C. § 1988 provides that when the ownership of a vehicle is transferred, the transferror must give to the transferee:
(a)(1) Disclosure of the cumulative mileage registered on the odometer.
(a)(2) Disclosure that the actual mileage is unknown, if the odometer is known to the transferor to be different from the number of miles the vehicle has actually travelled.
Section 1988 also prohibits acceptance of incomplete written disclosure by transferee acquiring ownership of a vehicle for the purpose of resale.
15 U.S.C. § 1989 provides:
(a) Any person who, with intent to defraud, violates any requirement imposed under this sub-chapter shall be liable in an amount equal to the sum of
(a)(1) Three times the amount of actual damages sustained or $1,500, whichever is the greater; and
(a)(2) In the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.
Cases applying this statute have held that constructive as well as actual knowledge can trigger liability. The Fifth Circuit Court of Appeals, in holding that actual knowledge is not required stated:
We hold that a transferor who lacked actual knowledge may still be found to have intended to defraud and thus may be civilly liable for failure to disclose that a vehicle’s actual mileage is unknown. A transferor may not close his eyes to the truth. If a transferor reasonably should have known that a vehicle’s odometer reading was incorrect, although he did not know to a certainty the transferees would be defrauded, a court may infer that he understood the risk of such an occurrence.
Nieto v. Pence, 578 F.2d 640 (5th Cir.1978). Nieto v. Pence involved the sale for $600.00 of a 10-year-old pickup truck with an odometer reading of 14,736 miles. The Fifth Circuit held that “the defendant had a duty to disclose that the actual mileage was unknown if, in the exercise of reasonable care, he would have had reason to know that the mileage was more than that which the odometer had recorded or the previous owner had certified.” Nieto v. Pence, 578 F.2d 640 (5th Cir.1978).
Appellant contends that (1) the ap-pellees had actual knowledge of the mileage of the vehicle because the bill of sale to Kar World (from Ross Downing Chevrolet) showed an odometer reading of 134,542 miles, or (2) the knowledge of Rick Kitchens (Kar World) of the true mileage is imputed to the appellees because he was their agent; or (3) the appellees could and should have known from reasonable inquiry that the odometer mileage was incorrect.
The bill of sale from Kar World to H. Gene Simmons, Inc., included a certification by Rick Kitchens that the odometer reading of 34,631 was correct. The draft of the corporation to Kar World also showed the mileage on the truck to be 34,631. Appellant’s argument that the appellees had actual or constructive knowledge of the “true mileage” fails because appellant introduced no evidence to prove that the odometer had rolled over or that the appellants knew or had reason to know that the odometer had rolled over.
Appellant offered in evidence documents which purported to be a bill of sale from Ross Downing Chevrolet, Inc. to Kar World showing an odometer reading of 134,542 miles and documents which purported to be an odometer mileage statement with Ross Downing Chevrolet as the transferee showing an odometer reading of 134,542 miles. The lower court refused to admit the documents into evidence because *188 neither was authenticated or properly identified as required by Miss.R.Evid. 901. We are of the opinion that the ruling of the lower court on such evidence was correct and that it was properly excluded.
In the present case, the pickup truck was five years old and was described by appellant as a “very clean, nice looking truck.” He had taken it for a test drive and, when questioned about how the truck started, he testified at trial that “It started good. It ran great.” Appellant further testified that the general appearance of the truck was “very good ... it was clean. It didn’t have a squeak or rattle in it. It was a nice ... paint job on it. It was a peach of a vehicle for a five-year old vehicle.” There was apparently nothing about the truck itself which would put the dealership on notice to inquire further about the truck’s actual mileage.
We are of the opinion that the appellant failed to meet his burden of proof and that the lower court was not in error when it sustained the motion for a directed verdict. Therefore, the judgment of the lower court is affirmed.
AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.